Bourne *vs.* the State.

BOURNE *vs.* THE STATE.

1. The clerk of the Circuit court has no authority to issue writs of error in any criminal case: such writs must originate from an application to the Supreme court.

2. And a writ thus improvidently issued, will be dismissed.

3. The Circuit courts are prohibited from referring any question of law to the Supreme court, except such as are novel and difficult.

4. A bill of exceptions was not allowed at common law.

5. Where no intention to refer a case to the Supreme court, is apparent on the record—it must, *pro defectu*, be repudiated.

Error to the Circuit court of Mobile.

Indictment for issuing a change bill, tried before *Pickens, J.*

The indictment charged plaintiff in error, and one Williams, with having "made a promissory note, and put forth the same as a change bill, as follows, to wit:

| 12½     The Cheap Variety Store, corner of Government & Royal st's, near the Market—Mobile, Dec. 2d, 1837. |
| No. 79—B.          I  O  U |
| Twelve and a half cents, in currrent money of the city. |
| I certify, *G. W. Williams.*          BOURNE. |

contrary to the form of the statute," &c.

To the indictment, defendants demurred; which being overruled, they plead not guilty. Bourne was convicted,

Bourne *vs.* the State.

and Williams acquitted. To reverse the judgment against Bourne, a writ of error was sued out.

A bill of exceptions was taken at the trial, the points contained in which, are set forth in the assignment of errors.

The errors assigned were:

1. That the indictment being on an instrument executed by two, the number of the parties, was a material point in the description of the instrument—and the finding one not guilty, rendered the instrument improper evidence as to the other: and so the court should have instructed.

2. That the paper having the name of Williams to it, as a subscribing witness, its execution could not be properly proved by any one else; without the usual showing for dispensing with a subscribing witness.

3. The court should have charged the jury, as requested, to acquit the defendants, if they were satisfied that the paper offered in evidence did not correspond with that described in the indictment.

4. That the court erred in its charge to the jury, that they were authorised to infer the offence was committed in Mobile county, upon the paper offered in evidence alone, &c.

*Aiken,* for plaintiff in error.
*Attorney General,* contra.

PER CURIAM.—The clerk of the Circuit court has no authority to issue writs of error, in any criminal case: in all such, the writs must originate from an application

Bourne *vs.* the State.

to this court—(Lynes vs. the State, 5 Porter, 236.)   As the writ has improvidently issued, it must be dismissed.

On looking into the record, we do not find that any points were reserved, under the statute, as novel and difficult, for the revision of the Supreme court.   It is true, a bill of exceptions was signed and sealed by the presiding judge, but the statute prohibits the Circuit courts from referring any question of law, except such as may be novel and difficult; (Aik. Dig. 257)—and this court determined, in the case of Ned vs. the State, (7 Porter 187) that at common law, a bill of exceptions was not allowable.

In the case of the State vs. Prince, (3 Stew. & Porter, 253,) it is said " this court will not be particular as to the manner in which the questions are referred, if the intention to refer be shown in the record."   No such intention appears, and the entire case must be repudiated.