# Petty v. Dill.

*Action to recover Statute Penalty for refusing to enter Satisfaction of Mortgage.*

1. *Bills of exception; office of.*—The whole office of bills of exception is specifically laid down, by the statute authorizing them, to be the presentation for revision of "a charge, opinion or decision of the court, touching the cause of action, *which would not otherwise appear of record.*"

2. *Same; when recitals in will not be noticed.*—Pleadings and decisions of the court thereon, which the law requires to be entered of record, although nothing be alleged *ore tenus* by either party, and no exception be reserved and sealed, constitute·the "record" within the meaning of the statute allowing bills of exception ; and the action of the primary court as to such matters will not be revised, when the only evidence of their existence and the action of the court thereon, is the recital in the bill of exceptions.

53   641
94   451
94   495

53   641
95   427

53   641
97   577

53   641
112  310
112  347
112  351

53   641
120  657

53   641
129  666

53   641
133  121

53   641
140  448

53   641
141  245

[Petty v. Dill.]

3. *Matters of excuse; when cannot be given in evidence.*—In an action to recover the statute penalty, for refusal to enter satisfaction of a mortgage, the defendant cannot give in evidence under a plea amounting to a mere general denial, matters of excuse or justification; such defense must be specially pleaded

*Payment, application of; what does not enlarge rights of creditors to make.*—In general the debtor, making a payment, has the right to direct its application at any time before the creditor, in the absence of such direction, has actually applied the payment; the fact that the creditor holds two several demands, the smaller of which will be entirely extinguished, if the payment is applied to it, does not enlarge his right to apply the payment.

APPEAL from Circuit Court of Barbour.

Tried before Hon. J. McCALEB WILEY.

The appellee, Dill, sued the appellant, Petty, to recover the penalty given by statute for failure to enter satisfaction of a mortgage, which Dill had executed to Petty's firm, Petty & Son, of which Petty was the surviving member, at the time the mortgage debt was paid and satisfaction demanded.

The bill of exceptions shows that the defendant demurred to the complaint, on various grounds set out in the bill of exceptions, and that the court overruled the demurrer; but the demurrer and judgment thereon do not appear elsewhere than in the bill of exceptions. The bill of exceptions states defendant pleaded that "he denies each and every allegation and statement made in the complaint, and states that no averment made in said complaint is true." This plea, however, is not elsewhere set out in the record. Besides the mortgage debt, Dill owed Petty one hundred and eighty-four dollars, which was not secured. On the 9th of November, 1873, Dill paid one hundred dollars, and shortly afterwards turned over the proceeds of three bales of cotton, the two together amounting to considerably more than the unsecured debt. The defendant testified that at the time of these payments he made a memorandum crediting enough of the first payment and the proceeds of the cotton, on the unsecured debt, to satisfy it, and credited the balance on the mortgage debt. There was direct conflict in the testimony, upon the point whether the plaintiff, in making the payment, directed their application to the mortgage debt. The payments made fully paid the mortgage debt, if applied to it. Petty refused to enter satisfaction of the mortgage, and on the trial proposed to prove that he did this under advice of counsel, but on motion of plaintiff the court refused to allow the evidence to be introduced, and defendant excepted.

The defendant, among other charges requested, asked the following, which were refused; to which rulings he duly excepted: "6. If the jury believe from the evidence, that at

[Petty v. Dill.]

the time any payment was made such payment exceeded one debt and was less than the other debt, then defendant had the right to apply such payment first to the debt which was exceeded by the payment, and next to the other debt. 7. If the jury believe from the evidence that the defendant refused to enter satisfaction of the mortgage, under the belief that the mortgage was unsatisfied, then plaintiff cannot recover, even if the mortgage was in fact satisfied."

JOHN A. FOSTER, for appellant. This is a penal statute, and should be strictly construed. While it ought to have effect, so as to protect mortgagors, it ought not to be so construed as to prevent the mortagee from honestly and in good faith litigating the question of satisfaction *vel non*, unless he also takes the risk of a heavy fine, if he fails. *Huffman* v. *The State*, 29 Ala. 40; *United States* v. *Winn*, 3 Sum. 209; 14 Peters, 178.

D. M. SEALS, *contra.*—The opinion of counsel might be proper to rebut the idea of *malice*, if that was an ingredient which entered into plaintiff's case. But the statute is not based on that idea. It is not the *motive* with which the mortgagee refuses to enter satisfaction, but the *fact* that he does so refuse, which brings the case within the statute. *Cotton* v. *Rutledge*, 33 Ala. 310.

BRICKELL, C. J.—Bills of exception in civil or criminal cases were unknown to the common law. They derive their existence from statutory provisions. *Ned* v. *State*, 7 Port. 187; *Bounce* v. *State*, 8 Port. 458; *Rollater* v. *Rollater*, 52 Ala. 111. At common law a writ of error would not lie except for error apparent on the record; and therefore, if plaintiff or defendant alleged anything *ore tenus*, which was overruled by the judge, the party aggrieved was without redress. 2 Phill. Ev. 996. To remedy this defect the English Parliament enacted statutes, from which bills of exception originated. These statutes have been substantially re-enacted in this country, and though sometimes enlarged, so as to present rulings of the court for revision not allowed under the English statutes, the office of a bill of exceptions remains as defined by our statute, the presentation for revision of a "charge, opinion, or decision of the court touching the cause of action, *which would not otherwise appear of record.*" R. C. § 2754. It was never intended that a bill of exceptions should lessen the matter of a record, or that it should be made the repository of matter the common law

[Petty v. Dill.]

required to be entered of record. It was intended to introduce on the record, for the purpose of a writ of error, only matter which would not otherwise appear of record. The pleadings in a cause, and the judgment of the court on the pleadings, are parts, and the material parts of a record. These appear, if the record is properly made up, whether an exception is reserved or not; and from a judgment on these error would lie from the time one court had by a writ of error a revisory jurisdiction over another. The judgment on such pleadings, adverse to the party interposng them, was *in invitum,* as certainly as if he declared on the record his exception to it; and such judgment was final, because amendments were not allowable at common law. The demurrer to the complaint does not appear otherwise than from the bill of exceptions, nor does it appear otherwise than from the bill that any judgment was pronounced on it by the circuit court. If we pay any regard to the symmetry of judicial records and confine bills of exceptions to the office the statute has defined for them, we must refuse to inquire whether the demurrer was properly overruled or not. We cannot sanction the looseness of practice which would obtain if we assumed the bill of exceptions correctly stated that which ought otherwise to appear of record, nor can we foresee to what consequence it would lead. There are numerous decisions of this court, that matters "not intrinsic to the cause," to use the expression employed in the decisions, and which means nothing more, when the cases are examined, than that expressed in the language of the common law: "matters alleged *ore tenus* by plaintiff or defendant," will not be revised though they are found on the record, unless made the subject of a bill of exceptions. 1 Brick. Dig. 246, § 59. So we have decisions which hold if there is a conflict between the judgment entry and the bill of exceptions, as to a matter which it is the office of the bill to introduce on the record, and which it is not the office of the judgment entry necessarily to incorporate, the bill will control the judgment entry. *Landreth* v. *Landreth,* 9 Ala. 430; *Vincent* v. *Rogers,* 30 Ala. 471; *Davison & Brady* v. *Street & Ferguson,* 34 Ala. 125. These decisions are maintainable only on the theory that the bill of exceptions confined to its legitimate office is of higher dignity than the judgment entry when it usurps that office. The bill cannot for the same reason be permitted to take the place of the record, the law requires the court to keep, if it is not resorted to, and on which it cannot infringe. We decline to pass on the demurrer to the complaint, as we have heretofore declined to pass on rulings on

[Petty v. Dill.]

demurrers to pleadings not appearing otherwise than by bill of exceptions. No exception is necessary to such ruling: it appears of *record otherwise*, necessarily, if the record is properly made up, which it is the interest of each party and the duty of the court to see done.

Nor does it appear otherwise than from the bill of exceptions, whether any, or what plea was interposed. From what we have said, the bill of exceptions is not the proper place for a plea. It is a part of the record, and the law requires the clerk of the court to file it, and indorse it as filed, as positively as the requisition is, in reference to the complaint. Being of necessity a part of the record, though it is improperly found in the bill of exceptions, it cannot be disregarded. Nor would the demurrer be disregarded merely because it is found only in the bill of exceptions, if the record disclosed the judgment rendered on it, and by the record we mean that memorandum of the proceedings which must be kept, though nothing may be alleged *ore tenus* by either party, and no exception reserved and sealed.

The plea is a mere general denial of the allegations of the complaint, without averring any special matter of defense. It cast on the plaintiffs the onus of proving every material allegation of the complaint; it limited the defense to evidence in disproof of them. No matter in avoidance of the allegations of the complaint, or in excuse or justification of the wrongful act imputed to the defendant was within the issue found. All such matters the statute required to be specially pleaded. R. C. § 2639. The defense proposed, so far as the evidence offered and rejected is concerned, was not in denial of the averments of the complaint, or of the act complained of as wrongful. It is in excuse or justification of the act, and was for this reason, if no other, properly excluded. The charge asked and refused was also as to matter of excuse or justification for the refusal to enter satisfaction of the mortgage. It proceeded on the admission that the defendant had refused to enter the satisfaction, but sought to excuse it because of his belief the mortgage debt had not been paid. If it was intended to confess, and avoid the refusal to enter satisfaction of the mortgage, the matter of avoidance should have been specially pleaded. The general denial of the allegations of the complaint was not sufficient to put it in issue.

The general rule is, that as a payment on the part of a debtor is voluntary, he may direct its application when it is made, or at any time before the creditor, in the absence of such direction, has applied it. 1 Am. Lead Cases, 339; *McDonnell* v. *Br. Bank Montgomery*, 20 Ala. 313; *Callahan* v,

*Bozeman*, 21 Ala. 246. The sixth charge requested by the appellant, would have induced the jury to the conclusion that it was the right of the creditor to apply a payment, and apply it first to the debt it would extinguish. No such right exists in the creditor, unless the debtor omits to direct the application when it is made, and until the creditor has actually applied it.

We find no error in the record, and the judgment must be affirmed.