# *Ex parte* Knight.

## *Application for Mandamus.*

1. *Revision of judgments in criminal cases.*—The court traces the legislation and practice in this State, in regard to the revision of judgments of

conviction in criminal cases, down to the passage of the statutes now in force.

2. *Same; how judgment in criminal case may be revised.*—Under the laws now in force, two remedies are available to a defendant for the revision of the judgment of conviction; each of which has a different field of operation.

3. *Same.*—He may obtain such revision, by reserving, in the court of original jurisdiction, a question of law for the consideration of the appellate court, the reservation distinctly appearing of record; when this is done, no further act of the defendant is necessary to supend the sentence, or to call into action the revisory jurisdiction of this court, which under the statute must take jurisdiction of the whole case, and may reverse not only for error as to the question reserved, but for any other error apparent on the record.

4. *Same; how reservation must appear.*—In such case, where the question of law reserved arises on the indictment or ruling upon a plea, motion, or the like, the judgment upon which must appear of record, the reservation must be distinctly presented on the record; it is not the office of a bill of exceptions to present such matter.

5. *Same.*—If the reservation is as to matter not appearing of record, the question must be presented by bill of excceptions, duly taken and signed; and whether the matter is shown by the record, or can be presented only by bill of exceptions, the reservation must be distinctly shown, and must be made at the time of the decision complained of.

6. *Same; remedy when no question is reserved.*—When no question of law has been reserved, the defendant may obtain a revision of the judgment by common law writ of error. Such writ, however, is grantable only by this court in term time, or by a judge thereof in vacation, and then only for error of law apparent of record; though the writ when granted, operates a suspension of the judgment of conviction.

7. *Same; what does not amount to a reservation.*—Merely excepting to the judgment of conviction, and causing that fact to be recited in the judgment-entry, is not tantamount to the *reservation* of any question for the consideration of the appellate court, and furnishes no predicate for suspension of sentence, or the exercise of jurisdiction by this court under the statute.

APPLICATION for *mandamus,* upon facts stated in the opinion.

JOHN GINDRAT WINTER, for motion.

BRICKELL, C. J.—The facts shown by the record, are, that at the February term, 1879, of the City Court of Montgomery, the appellant was tried for, and convicted of the crime of grand larceny, a felony. No exception was taken to any of the rulings of the City Court during the trial, and consequently no question reserved for the consideration of this court. The jury having returned a verdict of guilty, the petitioner moved in arrest of judgment, alleging as ground of the motion, the insufficiency of the indictment. The motion was overruled, and the petitioner *excepted* as the record recites. Thereupon, the court sentenced the prisoner to imprisonment in the penitentiary for the term of five years. Subsequently, during the term, the petitioner claimed an appeal to this court, which the City Court noted, but re-

fused on the motion of the petitioner to suspend the execution of the sentence, until the appeal was decided in this court.   Before the motion for a suspension of the execution of the sentence was made, the petitioner had been sent to the penitentiary.   The present application is for a *mandamus*, to compel the City Court to enter an order suspending execution, until the appeal is heard and decided.

A writ of error, at common law, was the appropriate remedy, by which a party aggrieved by the judgment of an inferior jurisdiction, could remove the judgment for examination into a superior tribunal, having jurisdiction to revise it.   The writ was defined, as "a commission by which the judges of one court, are authorized to examine a record upon which a judgment was given in another court, and, on such examination, to affirm or reverse the same according to law." *Cohens v. Virginia*, 6 Wheat. 409.   The writ was grantable, in civil cases, *ex debito justitiae*—in criminal cases, *ex gratia regis.*—1 Bish. Cr. Pr. § 1188–1202 ; *Lynes v. State*, 5 Port. 236.   Until the case cited, there is no instance in this State, of the employment of a writ of error, for the examination of a judgment in a criminal cause.   The Circuit Courts, (or City Courts, with concurrent jurisdiction,) by the territorial act of 1807, could at their discretion, on a point reserved, motion in arrest of judgment, or for a new trial, in any criminal case, respite the judgment or sentence, and reserve such point or motion for the consideration of the Supreme Court at their next succeeding term.—Aik. Dig. 243, § 22.   By the act of 1820, the Circuit Court was prohibited from referring to the Supreme Court any question of law, *except such as may be novel and difficult, and arise in a criminal cause.* Aik. Dig. 257, § 16.   Under these statutory provisions, were introduced, all criminal cases, which were examined in this court, prior to the case of *Lynes v. State, supra*, in which a writ of error was issued on a presentation of the record of the Circuit Court.

It is not necessary to trace the history of our subsequent legislation.   The 10th chapter, of the 5th part, title 3, §§ 4978–4992, of the present Code, substantially embodies it. A writ of error at common law, would lie only for error *apparent* on the record—matter of substance.   Errors may have intervened in the proceedings of the court, upon matters arising incidentally in the trial of the cause, as in the admission or rejection of evidence, giving or refusing instructions to the jury.   The record did not disclose such errors, and they were not, of course, examinable on a writ

[Ex parte Knight.]

of error. That such matters might be placed upon the record, for the examination of the court having cognizance of the cause on error, a bill of exceptions was authorized by the statute, Westm. 2, 13; Edw. 1, c. 31, which is the basis of all subsequent statutes allowing such bills. The statute did not extend to criminal, but was in terms confined to civil cases.—*Ned v. State*, 7 Port. 187; *Browne v. State*, 8 Port. 458. It was said if such bills were allowed, " it would be attended with great inconvenience, because of the many frivolous exceptions that might be put in by prisoners to the delay of justice; besides in criminal cases, the judges are of counsel with the prisoner, and are to see that justice is done him."—2 Bac. Ab. 114. Express and independent legislation, was necessary, to authorize the judge of the primary court to authenticate, or the superior court, to notice on error, a bill of exceptions in criminal causes. A motion in arrest of judgment in a civil, or criminal cause, must be founded on *matter apparent on the record*. The motion is of necessity a part of the record, as is the judgment which the court may pronounce on it. In overruling it, the court of necessity acts *in invitum*, against the party making it. It is not, therefore, the function of a bill of exceptions to present for revision, the ruling of the court on the motion. It is examinable, on a writ of error, without the aid of a bill of exceptions.

The statutes, §§ 4978–4983 of the Code, authorize the defendant in a criminal cause, *to reserve for the consideration of the Supreme Court*, any question of law arising in any of the proceedings. If the question does not distinctly appear on the record, *it must be reserved by the bill of exceptions*, duly taken and signed by the presiding judge as in civil causes. When the question is reserved, it is the duty of the clerk, within twenty days after the adjournment of the court to make out a full and accurate transcript of the record, attach his certificate thereto, and transmit it to the clerk of this court. If the question is reserved in a case of felony, judgment must be rendered, but execution must be suspended until the case is decided in this court. If in case of misdemeanor, judgment must be rendered, but execution must be suspended, and the defendant may be admitted to bail. No writ of error, no certificate of appeal, nor any process, is necessary for the introduction of the cause into this court, when the mode of procedure prescribed by these sections of the Code, is observed. The *reservation* of a question, by the defendant, for the consideration of this court, is the fact ap-

pearing on the record, which calls into exercise the appellate and revisory power of the court. The statutes go further, and distinguishing between civil and criminal causes, provide for a writ of error in the latter causes, while the former are examinable only on appeal. The writ can be granted only by this court in term time, or, by a judge thereof in vacation, and because of *error of law apparent on the record.* The granting of the writ operates a *supersedeas* of the judgment of conviction, as does the reservation of a question for the consideration of this court. In this class of cases, it is the writ of error, which introduces the cause into this court.

When these statutes are read in the light of the common law, and of our former statutes, the legislative intent is manifest. The intent is to confer on defendants in criminal causes, a plenary right to a revision of the proceedings on a judgment of conviction. In pursuance of this intent a right to a bill of exceptions is given—a right which could be conferred only by express legislation. There is no intent to enlarge the appropriate office of a bill of exceptions. The bill is to be *duly taken, and signed by the judge as in civil causes.* The statute authorizing the bill in civil causes, defines its office, with precision—the introduction on the record, of "any charge, opinion, or decision of the court, touching the cause of action, and which would not otherwise appear of record." The bill can not in a criminal, as it can not in a civil cause, present for revision, any matter which would *otherwise appear of record.—Petty v. Dill,* 53 Ala. 641.

There is a further intent, that the defendant shall have an unqualified right to *reserve* for the consideration of this court any question of law, which may arise—whether it is apparent of record, or can be made apparent by bill of exceptions. The question must however be *reserved*—it must be presented for the consideration and decision of the primary court, and the fact of its *presentation,* and its *reservation* for the consideration of this court, must plainly appear on the record, or the case will not fall within the provisions of sections 4978–4983. If it is reserved by bill of exceptions, and is of matter appropriate for a bill of exceptions, of course the presentation and reservation, will appear from the bill. If it is of matter apparent on the record, as a defect in the indictment, sustaining a demurrer to a plea in abatement, or to pleas of former conviction, or acquittal, or to any other plea interposed by the defendant, or overruling a motion in arrest of judgment, the fact of its *reservation* must be shown by a plain, distinct recital of the record. Under the former

statutes, which authorized the reference to this court of questions of law, as novel and difficult, it was necessary that the record should show clearly the question referred, whether it related to matter of record, or to the rulings of the court on matters arising during the trial, and it was the question referred, and not other matter however apparent on the record, this court could consider.—*Holland v. State*, 3 Port. 292; *Ned v. State*, 7 Port. 187. A *reservation* of the question for the consideration of this court, as distinctly as a reference under the former statutes, we think is contemplated by the statute.

The reservation must be made when the question is decided by the court adversely to the defendant. The rule applicable to exceptions, that they must be reserved at the time of the decision complained of, must be applied to a reservation under this statute. Otherwise, whether the proceedings are to assume an appellate form would remain unknown, except to the defendant, and the State would be denied the privilege of waiving a decision favorable to it, rather than to incur the hazard and delay of the appellate proceedings.

The further intent of the statute is a necessary consequence of the rights conferred—a suspension of the judgment of conviction, until the decision in this court. This court is required to hear and decide criminal causes, in precedence of all others. And it must be observed, that when the defendant reserves a question for the consideration of this court, it does not rest in his power after a judgment of conviction, to withhold the question from the court. He has no power over the record, and no duty to perform in reference to it. With or without his agency, and with or without his consent, or in despite of his dissent, the clerk must within twenty days after the adjournment of the court, send to this court, a transcript of the record, and on the filing of this transcript, the cause is here for decision.

But if a defendant has not reserved any question for the consideration of the court, the common law remedy of a writ of error remains to him, and the mode of obtaining it, and its operation is regulated by the statutes. It is grantable by this court in term time, or by any judge thereof in vacation, but only for *some error of law apparent* on the record. The statutes thus furnish a defendant in a criminal cause, two remedies, for the revision of the judgment of conviction, each having a different field of operation. The first is, when in the court of original jurisdiction, he *reserves a*

*question of law* for the consideration of this court, the reservation appearing of record, calling into exercise the revisory jurisdiction of the court—the second is, the writ of error lying when he has not reserved a question of law, but there is error of law apparent on the record. In either case, when the record reaches this court, the statute imposes the duty on the court of rendering "such judgment on the record as the law demands." The court is not confined to the questions reserved, as under the former statutes when questions were referred, but the whole record is examinable, and if error has intervened to the prejudice of the defendant, the judgment must be reversed.—Code of 1876, § 4990.

We have entered into the examination of the statutes, extending beyond the necessities of the present case, with the hope of directing attention to their provisions, that the practice may, in the future, be conformed to them.

The record does not disclose that the petitioner at the time of any decision adverse to him, *reserved* any question for the consideration of this court. The record does recite that to the judgment of the court overruling the motion in arrest of judgment, the defendant *excepts*. That judgment was not the subject of exception—a bill of exceptions would not present it for revision. Its correctness or incorrectness can not rest on matter *dehors* the record. Excepting, was simply *objecting* to the judgment, and not a reservation of the question for the consideration of this court.

The power of the City Court to suspend the execution of the judgment, was not general and unlimited. The power of the court to suspend, and the right of the prisoner to a suspension, depends on the fact which must appear of record, when the order of suspension is made,—that the defendant has reserved a question of law, for the consideration of this court. Unless this fact clearly appears, the court can not grant the suspension. The reservation must be made at the time of the decision of the question—it is the act of the defendant of which the court must be notified, that it may be introduced on the record, and justify the subsequent order suspending the execution of the judgment. Giving to the recital of the record, that the defendant excepted to the decision of the court, its largest significance, and it could indicate no more than that he had a present intention of reserving the decision for the consideration of this court, and would carry the intention into effect, thereafter by a bill of exceptions. It can scarcely mean more, and if it does not,

it means an intent in the future to make the reservation, and not a *present, actual reservation*, complete of itself.

The City Court properly refused a suspension of the execution of the sentence, and the application for a *mandamus* must be denied.