# Diggs *v.* The State.

### *Indictment for Petit Larceny.*

1. *Bill of exceptions ; when necessary or proper.*—A bill of exceptions is not a part of the record proper, but is only made a part of the record by statute for the purpose of enabling the appellate court to revise rulings which are not shown by the record itself; and its recitals as to matters which are a part of the record proper, but as to which the record itself is silent, can not be considered for any purpose.

2. *Motion in arrest of judgment ; on what grounds founded, and how revised.*—A motion in arrest of judgment must be founded on defects or errors apparent on the face of the record; and when shown only by bill of exceptions, it can not be considered by this court.

FROM the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

The defendant in this case was indicted for petit larceny, in stealing $14 in silver from one Clark; pleaded not guilty to the indictment, and was tried on issue joined on that plea. A verdict of guilty was returned by the jury, and a fine of $10 was imposed upon him, as shown by the judgment-entry, which is regular in form ; but a bill of exceptions, incorporated in the record, states the following facts : "This cause having been regularly submitted to a jury, the jury retired to consider their verdict ; and the court then took a recess for dinner, and instructed the sheriff to send for the presiding judge, if the

[Diggs v. The State.]

jury should make up their verdict during the recess.    During the said recess of the court, and in the absence of the presiding judge, the jury returned into the court-room, and, in the absence of the defendant and his counsel, and without their consent, handed their verdict to the clerk of the court, and were discharged by him, and left the court-room, and dispersed among the crowd.    Thereupon, on the re-assembling of the court, the defendant made the following motion :  ' This day came the defendant, by his attorney, and moves the court to arrest the judgment, to set aside the verdict of the jury, and also to discharge the defendant, on these grounds :    1st, because the jury returned their verdict to the clerk of the court, and the same was received by the clerk, during the recess of the court, and said jury were discharged and  separated, without the consent of said defendant ;  2d, because defendant had no opportunity to poll said jury ;  3d, because said verdict was received by the clerk during the recess, and in the absence of the court, and the jury were allowed to  separate, without the consent of the defendant.'    The court overruled and refused said motion, but offered to arrest the judgment and grant a new trial ; which the defendant declined, and excepted to the ruling of the court refusing to discharge him."    None of these  matters  appear from the record, except as they are stated  in the bill of exceptions ; and a *certiorari* was not asked  to bring up the motion in arrest, with the ruling thereon, as a part of the record.

H. C. Tompkins, and J. D. Norman, for appellant, cited *Hughes v. The State*, 2 Ala. 102 ;  1 Bishop's Crim. Pro. (ed. 1872), § 821, and authorities there cited ; *Cook v. The State*, 60 Ala. 40 ;  Code, §§ 4978, 4990.

T. N. McClellan, Attorney-General, for the State, cited *Sparks v. The State*, 54 Ala. 82 ; *Morgan v. The State*, 48 Ala. 65 ; *Brown v. The State*, 52 Ala. 345 ; *Williams v. The State*, 48 Ala. 85 ; *Crocker v. The State*, 47 Ala. 53 ; *Banks & Wood v. The State*, 72 Ala. 522 ; Thompson on Juries, § 331 ; *Ex parte Knight*, 61 Ala. 482.

CLOPTON, J.—Section 4978 of Code 1876 provides: "Any question of law, arising in any of the proceedings in a criminal case, tried in the Circuit or City Court, may be reserved by the defendant, but not by the State, for the consideration of the Supreme Court ; and if the question does not appear on the record, it must be reserved by bill of exceptions, duly taken and signed by the presiding judge as in civil cases." In civil cases, " any  charge, opinion or  decision of the court, touching the cause of action, and which would not otherwise

[Diggs v. The State.]

appear of record," may be reserved by bill of exceptions, which, when signed by the presiding judge, becomes a part of the record.—*Code*, §§ 3107, 3108. The bill of exceptions does not become a part of the record until signed by the judge, and then only for the purpose of enabling the appellate tribunal to revise any decision of the primary court not appearing on the record. It forms no part of the record, which by law the court is required to keep.

Although a motion in arrest of judgment, before sentence, is of right in the defendant, it must be founded on defects apparent on the face of the record.—*Sparks v. State*, 59 Ala. 82; *Brown v. State*, 52 Ala. 345; *Bish. on Crim. Proc.*, §§ 1282–5. The record here meant is the record of the proceedings, orders and judgments, for the revision of which a writ of error was, by the common law, the appropriate remedy; or, as applicable in this State, of the pleadings, proceedings, papers, orders and judgments, which the clerk, by sections 572 and 671 of the Code, is required to keep. A motion in arrest of judgment must be founded on some defect apparent on the record, as it stands at the time the motion is made and ruled on.

The record, other than the bill of exceptions, does not show the defects on which the motion in arrest of judgment is made. In *Banks & Wood v. State*, 72 Ala. 522, the objection was made, that it did not affirmatively appear from the record that the defendants were present in court when the verdict was returned. It is said: "The objection is not sustained by the recitals of the record, which affirm their presence, and represent as a continuous, unbroken proceeding, the trial and all its incidents, until the sentence of the law was pronounced by the court. The recitals of the judgment-entry are contradicted and shown to be untrue, only by the bill of exceptions, which is not its legitimate function.

The motion in arrest of judgment, and the ruling of the court thereon, do not appear otherwise than from the bill of exceptions. It has been repeatedly held by this court, that it is not the appropriate office of a bill of exceptions to present for revision any matter which otherwise would appear of record. It will not be permitted to assume the office of the record, which the law requires the court to keep, where no bill of exceptions is resorted to, and on which it cannot trench. Any matter apparent on the record, as a defect in the indictment, sustaining a demurrer to any plea of the defendant, or overruling a motion in arrest of judgment, must be presented for revision by the record, without the aid of a bill of exceptions.—*Ex parte Knight*, 61 Ala. 482; *Petty v. Dill*, 53 Ala. 641. We can not pass on the ruling of the court, as it does not appear on the record. Affirmed.