# Bolling *v.* The State.

### *Indictment for Petit Larceny.*

1. *Revision of judgment in criminal case, without writ of error.*—In a criminal case, " when any question of law is reserved for the consideration of " this court, it is the duty of the clerk below to make out and forward a transcript of the record (Code, § 4979); which transcript, being here filed, gives this court jurisdiction, if the question is properly presented.

2. *Same.*—When the question does not distinctly appear on the record, it must be reserved by bill of exceptions; and when it does appear on the record, as a ruling on demurrer to a plea, not being proper matter for a bill of exceptions, the record must show that the question was reserved at the time the ruling was made.

From the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

MACDONALD & FERGUSON, and H. C. BULLOCK, for appellant.

THOS. N. McCLELLAN, Attorney-General for the State.

STONE, C. J.—In *Ex parte Knight*, 61 Ala. 482, we construed the statute bearing on the subject of appeals and writs of error in criminal cases, commencing with section 4978 of the Code of 1876. We there ruled that, unless some question of law is reserved under section 4978, the case can not be brought to this court for review by the mere act of the clerk in sending up the transcript under section 4979 of the Code. Carrying out the statute, we further ruled, that if the question did not distinctly appear on the record, " it must be reserved by bill of exceptions, duly taken and signed by the presiding judge, as in civil cases." We said further, that if the question did distinctly appear on the record, then it could not be reserved, or brought to our notice, by bill of exceptions. Still, we said, that to justify a consideration of the case without a writ of error, the record must show that a question of law was

reserved, and that it was done " at the time of the decision of the question." Otherwise, we said, the trial court had no authority to suspend the execution of the sentence. We deem it unnecessary to repeat the argument, so fully presented in that case. The remedy being a substitute for an appeal or writ of error, and given by statute, to obtain its benefits there must be a substantial compliance with all the statute requires.

In the present case, the ruling, of which a review is sought, arises on demurrer sustained to defendant's pleas of former jeopardy. This appears of record, as it rightfully should do, and hence could not be raised by bill of exceptions. The facts shown by the record are as follows : On November 20, 1885,, the State's demurrer to defendant's pleas was sustained, the defendant put on trial on plea of not guilty, and a verdict of guilty rendered by the jury. The record is silent as to the reservation of any question at that time. Ten days afterwards, sentence was pronounced on the defendant, and in the sentence is found the following clause : " Questions of law having arisen in this case for the decision of the Supreme Court of Alabama, this sentence is suspended pending an appeal to said court." This is all the record contains to found an argument on that any question of law was reserved for the consideration of this court. It is insufficient, and the case is not properly before us.

There are two reasons for holding that a mere ruling of the court against the defendant, although properly a part of the record, does not, without more, bring a criminal case to this court for review under section 4979. First : To have that effect, the statute requires that the question shall be reserved. Second : Any other ruling would make it the duty of the clerk to certify and transmit to this court for revision the record of every conviction in a criminal case, in which there was a ruling on pleadings adverse to defendant; and this, irrespective of the wish of the defendant to claim an appeal. The plain meaning of the statute is, that to obtain an appeal in such case, without writ of error, the question must be reserved—reserved at the proper time, and the record must show it.

If, when the demurrer was sustained, the question had been then and there reserved for this court's consideration, and such reservation had been embodied in the judgment-entry, or otherwise on the minutes of the court, together with the ruling on the demurrer, that would have been a compliance with the statute, and would have authorized a suspension of the execution of the sentence ; and it then would have become the duty

of the clerk to certify and transmit to this court a transcript of the record, according to the provisions of section 4997 of the Code.

Appeal dismissed.