*[Ex·parte Cameron.]*

## *Ex parte* Cameron.

### *Application for Habeas Corpus.*

1. *When question of law reserved in criminal case, execution of sentence suspended; duty of clerk.*—In criminal cases, when any question of law, arising during the trial, is reserved for the consideration of this court, the execution of the sentence is required to be suspended until the decision of the case by this court (Code, § 4980) ; and the clerk of the court below is required to make out and forward to this court, within twenty days after the adjournment of the term, a full and complete transcript of the case.

2. *Bill of exceptions, when necessary ; duty of clerk in case of bill of exceptions.*—If the point reserved for the consideration of this court is a question of law, apparent on the record, no bill of exceptions is necessary ; but, when it is reserved by bill of exceptions, not being otherwise matter of record, the duty of the clerk to make out and forward the transcript does not arise until the bill of exceptions has been filed.

3. *Failure to file transcript, when not ground for discharge on habeas corpus.*—When the point reserved is made part of the record by bill of exceptions and does not otherwise appear, and, by consent of counsel, in writing, at the instance of the defendant, the time for preparing the bill of exceptions is extended (Code, §§ 3113, 4978), the defendant can not claim a discharge from custody on *habeas corpus* before the expiration of the extended period, because the transcript has not been filed in this court, and the sentence has not been executed.

APPEAL from Criminal Court of Greene.

This was an application to this court by Dave Cameron for the writ of *habeas corpus*, which had been refused by the Hon. H. M. JUDGE, judge of the Criminal Court of Greene county. The opinion states the material facts.

E. W. DeGRAFFENRIED, for petitioner.—1. *Habeas corpus* is the proper remedy, whenever a party is illegally restrained of his liberty.—*Ex parte Crews*, 78 Ala. 457; *Smith v. State*, 76 *Ib.* 69 ; *State v. Metcalf*, 75 *Ib.* 42 ; *Kirby v. State*, 62 *Ib.* 51; *Ex parte McKivett*, 55 *Ib.* 236. 2. The petitioner

*[Ex parte Cameron.]*

has become entitled to his discharge from his imprisonment, which was originally lawful, by reason of " some subsequent act, omission or event."—Code of 1876, § 4962; *Ex parte State in re Tate,* 76 Ala. 482, and cases cited *supra.*   3. When any question of law is reserved for the consideration of the Supreme Court (in a criminal case), it is the duty of the clerk of the court in which the case was tried, to make out and transmit to the Supreme Court a transcript of the record, within twenty days after the adjournment of the court from which the appeal is taken.—Code of 1876, § 4970; *Ex parte Knight,* 61 Ala. 483.   4. The agreement to prepare the bill of exceptions and have it signed in vacation, was verbal and therefore void. – Code of 1876, § 3113. 5. If the question reserved for the consideration of the Supreme Court appears of record otherwise, a bill of exceptions is unnecessary, and the party's remedy is by appeal. *Bolling v. State,* 78 Ala. 469.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The authority to award a writ of *habeas corpus* having been conferred on this court, only when " necessary to give to it a general superintendence and control of inferior jurisdictions," our inquiry, on the present application, is restricted to the question, whether the petitioner, on the case as made before the judge of the Criminal Court, is entitled to the relief he seeks?

The petitioner was convicted of grand larceny at the spring term, 1885, of the Circuit Court, and was sentenced to imprisonment in the penitentiary for three years and six months.   Since the rendition of the judgment, he has been in the custody of the sheriff and imprisoned in the county jail.   The return of the sheriff states, that he holds the petitioner by virtue of the judgment of the Circuit Court, a copy of which is set forth in the return.   The judgment, after declaring the sentence of imprisoment, continues : "It appearing to the court that in the proceedings in this case there arose certain questions of law, which were reserved by the defendant for the consideration of the Supreme Court, it is therefore considered by the court, that the execution of the sentence herein be suspended until the case is decided by the Supreme Court."   The order to suspend was made by authority of the statute, which provides : "When such question is reserved in case of a felony, judgment must be rendered against the defendant, and the execution thereof must be suspended until the cause is decided by the Supreme Court."—Code, Sec. 4980.   The authority

of the Circuit Court to render the judgment, and its legality for the purposes of these proceedings, are conceded. The petitioner being in custody by virtue of a legal order of the court, can not be discharged unless he has become entitled to a discharge by reason of some subsequent act, omission, or event.—Code, 1876, § 4962. Counsel for petitioner contend, that he has become entitled to his discharge by reason of the omission of the clerk to certify and transmit to this court a transcript of the record, as required by the statute.

Other than the judgment of conviction, of sentence, and suspension of execution, no part of the record of the original case was introduced on the investigation before the judge of the Criminal Court. It was admitted, that the petitioner had been regularly and legally convicted, by a petit jury, duly drawn, summoned, empanelled and sworn, on a sufficient indictment, preferred by a grand jury, legally organized. The facts extrinsic of the record are: On the application of the counsel for defendant, an agreement was entered into, during the term of the court, between him and the solicitor, that a bill of exceptions might be prepared in vacation, and signed by the presiding judge as in term time. After the adjournment of the next succeeding term of the Circuit Court, counsel for defendant stated, that from some cause not shown, the bill of exceptions had not been prepared, and asked further time, which was assented to by the solicitor, such further time being limited to the present term of this court. Subsequently a bill of exceptions was prepared and handed to the solicitor, but at what time does not appear. On being served with notice of the petition for *habeas corpus*, the solicitor informed counsel of his intention to carry out the agreement, and proposed then to carry it into effect, but was notified by counsel that the proceeding for a *habeas corpus* was considered an abandonment of the original agreement. This was before the commencement of the present term of this court, and before the expiration of the extended time, in which it was agreed the bill of exceptions might be prepared.

The statute makes it the duty of the clerk of the court in which the case is tried, when any question of law is reserved for the consideration of the Supreme Court, to make a full and accurate transcript of the record, attach his certificate thereto, and transmit it to the clerk of this court, within twenty days after the adjournment of the court from which the appeal is taken.—Code, § 4979. The duty of the clerk does not arise unless and until the reservation of a question of law for the consideration of this court is apparent on the record, or made apparent by a bill of exceptions.

It is not affirmatively shown, that any such reservation is apparent on the record, and no bill of exceptions was taken. If it was necessary to make the reservation apparent by a bill of exceptions, it was incumbent on the defendant to prepare and tender such bill in proper time to the presiding judge. The purpose of the statute is to secure a hearing and decision on appeal without undue delay, and is in harmony with the policy which gives a preference to criminal cases in this court, and requires their speedy determination.

The statutes, regulating appeals in criminal cases, were intended to confer on the defendant the unrestricted right to reserve for consideration on appeal any question of law that may arise on the proceedings, or during the trial. When the question does not distinctly appear on the record, the defendant has the statutory right to reserve it by bill of exceptions duly taken and signed by the presiding judge as in civil cases. A question not appearing on the record can be reserved in no other way. The statutes, authorizing a bill of exceptions, define its office—to make a part of the record, "any charge, opinion, or decision of the court, touching the cause of action, and which would not otherwise appear of record," with such statement of the facts as is necessary to make it intelligible. When signed the bill of exceptions becomes a part, not of the record, which the law requires the Circuit Court to keep, but of the record, a transcript of which is required to be transmitted to the appellate tribunal, to enable it to revise such charge, opinion, or decision.—*Diggs v. State*, 77 Ala. 68. In view of the difficulty, and sometimes impracticability, of preparing a proper bill of exceptions in term time, the statute authorizes the presiding judge to sign it in vacation by consent or agreement of counsel in writing.—Code, §§ 4978, 3107, 3113. Exception must be taken at the time the decision is made, but the reservation of the question, when not otherwise appearing of record, may be made by a bill of exceptions signed subsequently, which, when signed, relates back, and makes the reservation apparent from the record as of the time of the decision. Otherwise, the statute, which authorizes bills of exceptions, in civil cases, to be signed in vacation, by consent or agreement in writing, would have no effect or room for operation in criminal cases. The expressions in *Ex parte Knight*, 61 Ala. 482, and in *Bolling v. State*, 78 Ala. 469, are referable to the cases before the court, and when so referred, are correct. The former was an application for a *mandamus* to compel the City Court to enter an order suspending the execution of the judgment, and the

latter involved the sufficiency and validity of the appeal. In neither case was a bill of exceptions taken and signed, and the question of its effect and operation was not considered. While it was held in Knight's case that the question must be presented for the decision of the trial court, and must be reserved, and the fact of such presentation, and its reservation for the consideration of the appellate court, must plainly appear on the record, it is also said: "If it is reserved by bill of exceptions, and is of matter appropriate for a bill of exceptions, of course the presentation and reservation will appear from the bill." For this purpose, a bill of exceptions, duly taken and signed, whether in term time or in vacation, is sufficient.

The application for time, in which to prepare a bill of exceptions, came from counsel for defendant. The order to suspend the execution of the judgment was made when he was present in court, and in consequence of it appearing to the court, that he had reserved questions of law for the consideration of this court, by reason of his act and at his instance. The petition for *habeas corpus* was instituted before the expiration of the time limited, on the second application, for preparing a bill of exceptions, which was considered by counsel of petitioner as an abandonment of the agreement, though the solicitor informed them he was willing to carry it out. When a question of law is reserved, and the reservation appears on the record, it becomes the duty of the clerk to certify and transmit to this court a transcript of the record within twenty days after the adjournment of the court in which the case is tried; and it is not then in the power of defendant to prevent its consideration and decision; but unless the record shows the reservation of some question of law, the act of the clerk, certifying and transmitting a transcript, does not bring the case for review.—*Ex parte Knight, supra; Bolling v. State, supra.* It not being affirmatively shown, that the reservation of some question of law appeared by a distinct recital of the record required to be kept in the Circuit Court, and it appearing that no such question was reserved by a bill of exceptions, it is not shown that the duty to transmit a transcript of the record was devolved on the clerk. We fail to see that the failure of petitioner to prosecute an appeal, and his consequent confinement in the county jail, were produced by any omission of duty, charged on the presiding judge, or the solicitor, or the clerk. On the contrary, it is evident from the facts hereinbefore stated, that the delay has been caused by the omission to prepare and have signed a bill of exceptions.

[King v. The State.]

We do not mean to be understood from anything we have said, as conceding that had the reservation of a question of law appeared on the record, the omission of the clerk to transmit a transcript as required by the statute, would operate to entitle the petitioner to his discharge, such omission having no reference to the execution of the judgment. This question we leave undecided.

The application is denied, and an order here made that the judgment of the Circuit Court be executed.