[Thomas v. The State.]

# Thomas *v*. The State.

## *Indictment for Murder.*

1. *Special venire in capital case ; postponement of trial.*—In a capital case, the trial being set for a day in the week following the order, and a special *venire* ordered, including the regular jurors drawn and summoned for that week, if the trial is then postponed, on motion of the solicitor, to a day in the next ensuing week, the defendant can not insist on another *venire*, including the regular jurors for that week, though the court might properly allow it.

2. *Same ; waiver of defect.*—When a special *venire* is ordered in a criminal case, including the regular jurors drawn and summoned for the week of the trial, and the list served on the defendant includes the names of some who were drawn but not summoned, the *venire* will be quashed on motion ; but the defect is waived if not objected to before entering on the trial, and is not available on motion in arrest of judgment.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

Indictment against William Rogers for the murder of Henry Mayes. Plea of not guilty, and issue thereon. Verdict of guilty of murder in the first degree, and judgment and sentence of death. The only matters presented for revision, as shown by the record and the bill of exceptions, are stated in the opinion of the court. It should be stated, also, that the record does not show why the trial was postponed from Friday, August 14th, to Monday of the next ensuing week, but only states that the postponement was ordered by the court "at the request of the solicitor."

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The order made for summoning the *venire* in this case strictly conformed to the statute. The order setting the case for trial was made July 29, 1891. The day set for the trial was August 14, 1891. This was during a week subsequent to the one in which the order was made, and consequently "the jurors drawn and summoned for such week"— the week during which the trial was to take place—were, by the statute, made a part of the *venire* from which the jury was to be organized.—Sess. Acts 1886–7, § 11; Crim. Code of 1886, p. 134, in note. The order conforming to the very letter of the statute, we do not think the City Court erred in

[Thomas v. The State.]

requiring the jury to be selected from that *venire*. The fact, or accident, by which the trial was not entered upon until a day during the succeeding week, could not properly render it necessary that a new order should be made, setting another day for the trial, or that a new *venire* should be summoned or served on the defendant. Had such course been pursued, possibly it would have been regular; but the defendant can not complain that it was not done. There was no error in overruling defendant's motion to quash the *venire*.

The motion to quash the *venire*, based on the ground stated above, being overruled, the organization of the jury and the trial were entered upon without further preliminary objection. After the trial was concluded, and the jury had returned a verdict of guilty, the defendant moved in arrest of judgment. The ground of the motion did not appear on the record, but arose as follows: Under the order to the sheriff to place on the *venire* the names "of the jurors drawn and summoned for the week" of the trial, that officer had placed the entire thirty-six names drawn as petit jurors for that week. These constituted a part of the list served on the defendant. It was stated in the motion that five of the thirty-six, though drawn as jurors, had not been summoned. The *venire* for that week, and the sheriff's return upon it, proved this statement to be true.

Had that motion been made before the trial was entered upon, it should, and doubtless would, have been sustained. But it came too late. Such motion, not raising the question of the guilt or innocence of the accused, should always be made before the trial on the merits it is entered upon. Parties must not be permitted to speculate on the chances of a favorable verdict, and, failing, then fall back on some preliminary, ministerial error, not previously called to the attention of the court. We can not suppose, and do not charge, that such was the intention in this case, but the tendency of such practice is not favorable to a proper administration of the law.—3 Brick. Dig. 264, §§ 163 *et seq.* Motions in arrest of judgment must, as a rule, rest on something apparent on the record. That which is available in arrest of judgment is, in general, equally available on error. There is nothing in the record before us to authorize the arrest of the proper judgment on the verdict rendered.—*Banks v. State,* 72 Ala. 522; *Diggs v. State,* 77 Ala. 68.

There is no error in the record, and the judgment of the City Court must be affirmed. The day appointed for the execution of the prisoner having passed, it is ordered and adjudged that the sentence of the law be executed on Friday, February

19, 1892, within the walls of the jail of Montgomery county, by hanging the said William Thomas by the neck until he is dead. In executing this sentence, the sheriff will conform to statutory regulations.

Affirmed.