# Taylor v. The State.

## Indictment for Assault and Battery.

1. *Appeal; motions in arrest of judgment must be shown by the record.*
Motions in arrest of judgment, the rulings thereon and the reservation of a question as to such rulings cannot be presented on appeal by bill of exceptions, but must be shown by the record proper; and when presented only by bill of exceptions the rulings of the trial court thereon will not be reviewed.

APPEAL from the Circuit Court of Washington.
Tried before the Hon. WILLIAM S. ANDERSON.

The appellant was indicted, tried and convicted of an assault and battery. Upon the hearing of the cause, as is shown by the bill of exceptions, the State introduced evidence tending to show that the defendant was guilty as charged; and the defendant introduced evidence tending to show that he was not guilty as charged. The jury returned the following verdict: "We, the jury, find the defendant guilty, and assess a fine of ten dollars, and sentence to the county for thirty days labor," which verdict was signed by one of the jurors as foreman.

The bill of exceptions shows that motions were made in arrest of judgment, upon the ground that the verdict did not justify the rendition of judgment, and that these motions were overruled; but these rulings were shown in no other way.

CHARLES L. BROMBERG, JR., for appellant.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Prince v. State*, 35 Ala. 367.

HEAD, J.—The paper purporting to be a bill of exceptions, found in the record, presents no "charge, opinion or decision of the court" touching the cause, which is not required by law to be shown by the record proper. The only objections made were to the sufficiency of the verdict to support a legal sentence. The several supposed motions made by the defendant in that behalf

[Dentler v. The State.]

were all, in effect, motions in arrest of judgment. It is not the office of a bill of exceptions to present such motions, or the rulings of a court upon ·them, to this court for review. They should be shown by the record proper of the orders and judgments of the court.

There is, therefore, no question reserved upon the record for the consideration of this court, and we are entirely without jurisdiction of the cause.

If there is reversible error shown by the judgment entry, in that the verdict was insufficient to support the sentence pronounced, as contended by the defendant, the question, not being *reserved* upon the record for our consideration, in the manner required by the statute, could be brought before us only by writ of error. The following authorities are directly in point and conclusive : *Ex parte Knight*, 61 Ala. 482 ; *Diggs v. State*, 77 Ala. 68 ; *Jones v. State, Ib.* 98 ; *Bolling v. State*, 78 Ala. 469 ; *Ex parte Cameron*, 81 Ala. 87. ·

Appeal dismissed.