# Durrett *v.* The State.

## *Indictment for Murder.*

1. *Trial and its incidents; motion in arrest of judgment must be shown by the record.*—A motion in arrest of judgment must be presented to the Supreme Court for revision by the record; and when such motion appears only in the bill of exceptions it will not be considered on appeal.

2. *Same; sufficiency of verdict of jury.*—On a trial under an indictment for murder, a verdict of the jury that "We, the juror, find the defendant guilty of murder in the first degree and shall suffer death," though not in proper form, is sufficient to support a judgment of the court adjudging the defendant guilty of murder in the first degree, and a sentence that he be hanged.

3. *Same; agreement between counsel not binding upon jury.*—On a trial under an indictment for murder, where it is agreed between the solicitor for the State and the defendant that the defendant shall withdraw his plea of not guilty and enter a plea of guilty, and that the solicitor should state to the jury that the State would be satisfied with the sentence of life imprisonment, as a punishment, such agreement is not binding upon the jury and amounts to nothing

[Durrett v. The State.]

more than a recommendation; and if the jury declines to
carry out such agreement and by their verdict imposes the
death penalty, such verdict of the jury is valid and binding.

4. *Same; where motion for new trial not revisable.*—The ruling
of the trial court on motion for a new trial in a criminal
case is not revisable on appeal.

APPEAL from the County Court of Tuskaloosa.

Tried before the Hon. J. J. MAYFIELD.

The appellant in this case, Ben Durrett, was indicted,
tried and convicted of murder in the first degree and
sentenced to be hanged. It appears from the bill of ex-
ceptions that there was a motion made by the defendant
in arrest of judgment, but this motion is not shown by
the record, and appears no where except in the bill of
exceptions. The other facts of the case are sufficiently
shown in the opinion.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.
The ruling of the trial court upon the motion in arrest
of judgment not being shown by the record will not be
reviewed on appeal.—*Diggs v. State,* 77 Ala. 68; *Thomas
v. State,* 94 Ala. 75.

The verdict of the jury was sufficient.—*Noles v. State,*
26 Ala. 31; *Harrall v. State,* 26 Ala. 52; *Robinson v.
State,* 54 Ala. 86.

DOWDELL, J.—In this case, as in the case of *Diggs
v. State,* 77 Ala. 68, the motion in arrest of judgment and
the ruling of the court thereon do not appear otherwise
than from the bill of exceptions. A motion in arrest of
judgment is based on error of law apparent on the face
of the record. The error or defect is one shown in the
record proper,—the record which the law requires to be
preserved in permanent form, as, for instance, the judg-
ments of the court. In *Diggs v. State, supra,* it was said :
"It has been repeatedly held by this court, that it is not
the appropriate office of a bill of exceptions to present
for revision any matter which otherwise would appear
of record. It will not be permitted to assume the office

of the record, which the law requires the court to keep, where no bill of exceptions is resorted to, and on which it cannot trench.  Any matter apparent on the record, as a defect in the indictment, sustaining a demurrer to any plea of the defendant, or overruling a motion in arrest of judgment, must be presented for revision by the record, without the aid of a bill of exceptions;" citing *Ex parte Knight*, 61 Ala. 482; *Petty v. Dill*, 53 Ala. 641.  See also *Thomas v. State*, 94 Ala. 75.

The verdict of the jury read as follows: "We the juror find the defendant guilty of murder in the first degree, and shall suffer death."  While the verdict was not in proper form, yet it was sufficient to support the judgment of the court.—*Noles v. State*, 24 Ala. 672; *Noles v. State*, 26 Ala. 31; *Harrall v. State*, 26 Ala. 52; *Robinson v. State*, 54 Ala. 86.

After issue joined on the plea of not guilty and the evidence for the State and defendant had closed, the defendant entered into an agreement with the solicitor for the State, to withdraw his plea of not guilty and enter a plea of guilty, and for the solicitor to state to the jury that the State would be satisfied with a sentence to life imprisonment as a punishment.  This agreement was carried out by the solicitor, but the jury declined to carry it out, and by their verdict imposed the death penalty.  It was the province and duty of the jury under the law to fix the punishment, and the agreement of the solicitor could be nothing more than a recommendation to the jury.  In no sense, under the law, was it binding on them.

Ruling on motion for new trial in a criminal case is not revisable on appeal.

We find no error in the record, and the judgment must be affirmed.