142 So. 840

## PATTERSON v. STATE.
### 8 Div. 563.

Court of Appeals of Alabama.
June 7, 1932.

Rehearing Denied June 14, 1932.

Hoyt Long, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.

Appellant was convicted of the offense of robbery (Code 1923, § 5460), and his punishment fixed at imprisonment in the penitentiary for the term of twenty years.

There is no ruling shown by the record proper to have been made upon the demurrers exhibited against the indictment. Hence nothing in this regard is presented for our consideration. Ex parte Knight, 61 Ala. 482. We might observe, though, that the said demurrers were, in our opinion, not well taken.

The solemn recitals of the minute entry are to the effect that both appellant and his counsel were present in court at the time of the arraignment, etc. The force of these recitals is not overcome by anything appearing in the bill of exceptions. And, though, we might observe that, even if appellant was arraigned, etc., in the absence of counsel, it affirmatively appears that he suffered no injury.

Appellant and another were shown to have stopped at a gasoline filling station, attended and kept by a young lady, and to have there procured some money. The state's testimony was to the effect that one of these parties, either appellant or his companion, "held a pistol on the young lady," thus putting her in fear, etc., while the other took some seven or eight dollars from the "cash register."

Appellant's testimony was to the effect that he and his companion stopped at the said filling station, and got the money, etc. But he says that he merely had the "pistol in his belt," etc., and that he "borrowed the money from the young lady," etc.

We have carefully read and examined the entire testimony, as well as the record in the case. It seems so obvious that no error of a prejudicial nature is anywhere apparent that we deem further comment useless.

There ought, we believe, to be recorded the statement that counsel for appellant, appointed by the court, and serving, doubtless, without compensation, have displayed, both in the court below, as appears, and in this court, likewise, a degree of zeal, ingenuity, and resourcefulness, that compels our admiration.

The judgment of conviction is affirmed.

Affirmed.