FLOYD vs. FOUNTAIN, GUARD'N,

1. A bill of exceptions, without the seal of the presiding judge, does not conform to the requirements of the statute and cannot be regarded as a part of the record.

Error to the Orphans' Court of Conecuh.

WATTS and JACKSON, for the plaintiff in error.

BELSER and HARRIS, for the defendant.

PARSONS, J.—We cannot look to the questions supposed to be presented by a bill of exceptions, for the reason that the instrument relied on, as a bill of exceptions, cannot be received as such. The act that regulates the mode of taking bills of exceptions is in the following language. "If in the trial of any cause, either the plaintiff or defendant shall think himself agrieved by the direction or decision of any Judge of any of the courts of this State, the party so considering himself agrieved may in person or by his counsel tender to the judge, giving such direction or decision, a bill of exceptions to his opinion, stating the points wherein he is supposed to err, and the said judge shall be bound to sign and seal the same, and said bill of exceptions so signed and sealed shall be considered a part of the record of the cause. —Clay's Digest, 307. Under this act, we think it manifest that the bill of exceptions itself must show that it was both signed and sealed as such by the presiding judge. These are the requisites prescribed by the statute, and if we can dispenre with one, we may well dispense with the other. If we could say that a bill of exceptions was good without a seal, when the act requires one,

we could also, with the same propriety, say it need not be sign-ed by the judge, and thus by dispensing first with one, and then with another requisite, a bill of exceptions might be held good that had neither of the legal requisites of one. The act requires that a bill of exceptions must be both signed and sealed by the presiding judge, and we, when the question is made as to the sufficiency of the exceptions, cannot require less. What shall be considered a sufficient seal, is not the question here raised, for there is no pretence for saying that the instrument contains the slightest evidence of an intention to seal it on the part of the judge. It is altogether without a seal, and cannot be consider-ed as part of the record.

It is admitted by counsel that Fountain was duly appointed guardian of the minor heirs of Peter E. Coleman, deceased, and therefore there is no question we can examine, the bill of ex-ceptions being excluded. Let the decree be affirmed.