Godden v. Le Grand.

---

## GODDEN *vs.* LE GRAND.

[MOTION TO STRIKE BILL OF EXCEPTIONS FROM RECORD.]

1. *Bill of exceptions governed by what law.*—The taking of a bill of exceptions is a "proceeding" in the cause, within the meaning of the 12th section of the Code; and therefore, in actions commenced before the adoption of the Code, the bill of exceptions must be governed by the old law, although the trial is had since that time.

2. *When seal necessary, and its sufficiency.*—The law which was in force before the adoption of the Code (Clay's Digest, 307, § 5) required that a bill of exceptions should be "signed and sealed" by the presiding judge; and where the bill purports to have been signed and sealed by him, but without the addition of his seal or scroll, it cannot be regarded as any part of the record.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. EDMUND W. PETTUS.

Godden v. Le Grand.

This action was commenced in October, 1851, and the trial was had at the November term, 1854. The bill of exceptions purports to have been " signed, sealed, and made a part of the record, in term time," and is signed by the presiding judge; but his seal or scroll is not appended to his name. Errors were assigned, and the cause was argued on its merits; but it is unnecessary to notice any of the points made, except the motion to strike the bill of exceptions from the record.

I. W. GARROTT, for the motion, contended, 1st, that the case was governed by the old law, because the action was commenced before the adoption of the Code; 2dly, that the old law required that the bill of exceptions should be sealed by the presiding judge; and, 3dly, that the bill in this case did not conform to the requirements of the law. He cited Mazange v. Slocum & Henderson, 23 Ala. 668; Clay's Digest, 307, § 5; Floyd v. Fountain, 17 Ala. 700; Kitchen v. Moye, *ib.* 143; Haden v. Brown, 22 *ib.* 572; Kenan v. Starke & Moore, 6 *ib.* 773; 2 Bibb, 14; 1 Marsh. 587; Hall v. Hudson, 20 Ala. 284; Hudson v. Hudson, *ib.* 364; 4 Phil. Ev. (C. & H.'s Notes) p. 813.

J. R. JOHN, *contra,* insisted, 1st, that the bill of exceptions was governed by the provisions of the Code (§§ 1315, 2333), which do not require the seal of the presiding judge; 2dly, that the bill was sufficiently sealed under the old law; and, 3dly, that if it was defective, the appellant should be allowed to establish it.

GOLDTHWAITE, C. J.—The action in this case was commenced before the Code went into effect, and the proceedings had in the cause in the primary court must be governed by the old law.—Code, § 12.

The taking of a bill of exceptions, being but another mode of spreading upon the record the decision of the court upon contested questions of law, is as much a proceeding in the cause, within the meaning of the 12th section of the Code, as a motion in arrest of judgment, or decision upon a demurrer; and the bill of exceptions, in causes commenced before the Code, must conform to the old law.

The law before the Code required that the bill should be

signed and sealed by the judge. Here he has signed, but has not sealed it. We cannot, therefore, regard it as any part of the record in the cause.—Clay's Dig. 307, § 5; 17 Ala. Rep. 700. The statute is imperative, and we cannot dispense with its requirements.

Let the judgment be affirmed.