# WYNN vs. SIMMONS.

[MOTION FOR NONSUIT ON VERDICT OF LESS THAN FIFTY DOLLARS.]

1. *Presumption in favor of ruling of primary court.*—On motion to nonsuit the plaintiff, because the verdict in his favor is less than fifty dollars, (Code, § 2365,) if the record does not show on what ground the motion was overruled, and contains no bill of exceptions or statutory affidavit, the appellate court will presume that the action of the primary court was predicated on a good and sufficient reason.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Holman F. Simmons, against Robert H. Wynn, and sought to recover damages for the defendant's alleged breach of a partnership agreement between him and the plaintiff. The defendant pleaded "the general issue, in short by consent, with leave to give in evidence anything that could be legally pleaded in bar." The jury returned a verdict in favor of the plaintiff, for forty-one 99-100 dollars; and the court thereupon rendered judgment in his favor for that amount, with costs. The defendant afterwards moved "to set aside the judgment and dismiss the case, on the ground that the recovery is less than fifty dollars." On this motion the following judgment was rendered: "Motion having been made by defendant, to set aside the verdict and dismiss the cause, because the recovery is less than fifty dollars; which motion, after argument had thereon, was by the court overruled, and the defendant excepted; the plaintiff having filed no affidavit. It is therefore considered by the court, that said motion be overruled, and that plaintiff recover of defendant the costs of this motion." The overruling of this motion is now assigned as error.

J. J. WOODWARD, and J. E. BELSER, for appellant.

JAS. B. MARTIN, and L. E. PARSONS, *contra.*

Arnett's Ex'r v. Arnett.

STONE, J.—The Code (§ 2365) declares, that "if suit be brought for such amount, [the amount of which the court has jurisdiction,] and a less sum be recovered, unless the amount is reduced below that of which the court has jurisdiction, by a set-off successfully made by the defendant, the judgment must be set aside, and the suit dismissed, unless he, or some one for him, make affidavit," &c.

In the case we are considering, there is no bill of exceptions setting forth the nature of the defense. A motion to dismiss the suit, based on the fact that the recovery was under fifty dollars, was overruled in the court below. The record does not inform us the ground on which the motion was overruled. We have shown, in the above extract, that there is one contingency in which it is the duty of the court to overrule a motion to dismiss, although the recovery may be less than fifty dollars; namely, when *by a set-off successfully made* the recovery is thus reduced. This, too, in the absence of an affidavit, such as is provided for in section 2365 of the Code. Indulging, as under our rules we are required to do, every reasonable intendment in favor of the correctness of the ruling in the court below, we feel it our duty to presume, there was a good and sufficient reason for the action of the primary court.

Judgment of the circuit court affirmed.