## MOORE vs. APPLETON.

[ACTION BY AGENT AGAINST PRINCIPAL ON IMPLIED PROMISE OF INDEMNITY.]

1. *Execution of bill of exceptions.*—In an action which was pending when the Code went into effect, and which is consequently (§ 12) not governed by its provisions, the bill of exceptions must be under the seal of the presiding judge.

2. *Averment of breach in complaint.*—In an action by an agent against his principal, on an implied promise of indemnity against losses sustained in the execution of the agency, *held,* on the authority of the former decision in the same case, (*Moore v. Appleton,* 26 Ala. 633,) that an allegation in the complaint, that said defendant had notice of the losses and damages sustained by the plaintiff, set forth in the declaration, and failed to pay the same, was a sufficient averment of a breach.

3. *Sufficiency of plea denying notice.*—A plea averring that "*plaintiff* did not, before the institution of this suit, notify defendant," &c., does not negative notice to the defendant.

4. *Conclusiveness of judgment.*—A judgment recovered against principal and agent, by the owner of certain personal property, which the agent had tortiously taken under a contract with his principal, is conclusive on the principal, as to the title to the property, in a subsequent action brought against him by the agent on an implied promise of indemnity against damages in the execution of the agency.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. SYD. MOORE.

THIS action was brought by Claiborne G. Appleton, against John Moore, "to recover damages sustained by plaintiff, growing out of certain acts performed by him, in the capacity of agent for the defendant, in the year 1846, in dispossessing and removing one Aaron B. Quinby

from a certain tract of land, lying in said county of Lawrence, and known as the place on which said defendant now keeps a toll-gate," &c.; and was commenced on 9th September, 1852. The original declaration contained two counts, each of which was held defective on error. See the case reported in 26 Ala. 633. After the remandment of the cause, the plaintiff filed an amended second count, in the following words:

"And whereas, also, the said defendant, heretofore," &c., in 1846, "constituted and appointed said plaintiff his agent, generally and specially to do and perform all such acts and things as he might request said plaintiff to do during the year 1846; and afterwards," &c., "while plaintiff was acting in the capacity of agent for defendant, and, as such agent, and at the defendant's special instance, request and direction, plaintiff purchased from one Aaron B. Quinby certain goods and chattels," (describing them;) "and afterwards said defendant ratified the said purchase, and he and plaintiff, at said defendant's request, proceeded to, and did take possession of said goods and chattels; and plaintiff avers that, at the time said goods and chattels were so purchased and taken, he did not know that the same was a trespass or tort, but acted in good faith as defendant's agent, and upon the faith of his representations and assurances that said purchase and taking was lawful and proper. And whereas, afterwards, on the 3rd March, 1847, one Aaron B. Quinby instituted suit against said plaintiff, in the circuit court of said county, claiming damages for the taking away of said goods and chattels, and afterwards died, and said suit was thereupon revived in the name of his administrator, who, on," &c., "recovered judgment for a large sum, to-wit, the sum of $200, besides costs; all of which was collected from plaintiff, by the proper officer of said county, under execution issued on said judgment; and, in addition thereto, said plaintiff was compelled to pay out large sums of money to his attorneys, to defend him, and divers other expenses incident to said litigation, to-wit, the sum of $200. And plaintiff avers, that said defendant had due notice of the rendition of said judgment, and the collection thereof

from plaintiff, and that said judgment and payment were
on account of said taking, and of all the other losses and
damages sustained by plaintiff, as above set forth, and
failed and refused to pay the same, or any part thereof;
by means whereof, plaintiff has been injured," &c.

To this count the defendant demurred, but his demurrer
was overruled; and he then pleaded—1st, the general
issue; 2d, "that plaintiff did not, before the institution of
this suit, notify defendant that he (plaintiff) had been
compelled, by legal process or otherwise, to satisfy any
part of the judgment recovered by said Quinby against
him, nor did he ever demand of said defendant, before
the institution of this suit, the amount which he now says
he has paid;" 3rd, "that the goods and chattels in
plaintiff's declaration mentioned, at the time when the
same were taken in possession by plaintiff, were the
property of this defendant." The court sustained a
demurrer to the second and third pleas. On the trial, a
bill of exceptions was reserved by the defendant, which,
under the decision of this court, requires no particular
notice.

The errors assigned are, the overruling of the demurrer
to the amended complaint, the sustaining of the demurrers
to the second and third pleas, and the rulings of the court
to which exceptions were reserved.

D. P. LEWIS, for appellant.

R. W. WALKER, *contra.*

STONE, J.—This suit was commenced before the Code
went into operation; and hence, the execution and legality
of the bill of exceptions must be tested by the statute, as
it is found in Clay's Digest, p. 307, § 5. The paper found
in this record, which is relied on as a bill of exceptions,
has neither a seal nor scroll; and, under our former
decisions, we cannot regard anything it contains.—Floyd
v. Fountain, 17 Ala. 700; Godden v. LeGrand, 28 Ala.
158.

This reduces our investigations to very narrow limits.

[2.] The 2d count in the amended declaration strictly

conforms to the decision of this court, pronounced when the case was before us at a previous term.—Moore v. Appleton, 26 Ala. 633. We there said, "An averment that the principal had notice of the losses and damages sustained by the agent set forth in the declaration, and failed to pay the same, would be a good breach in such a case as this." This declaration contains that averment.

[3.] The 2d plea is defective in this, that while it fails to negative *notice* to the defendant, its object and aim are to cast on the plaintiff the new and additional burden of proving that he *himself* had given notice of the recovery and payment, or had demanded payment of the money before he instituted his suit. This is a palpable attempt to depart from our former decision, and, under our rules, cannot be tolerated.—Matthews, Finley & Co. v. Sands & Co., 29 Ala. 136, and authorities cited.

[4.] The third plea is defective, and the demurrer to it was rightly sustained.

We have now disposed of all the questions which the state of the record authorizes us to consider.

Judgment of the circuit court affirmed.

R. W. WALKER, J., having been of counsel, not sitting.