# Rolater *v.* Rolater *et al.*

## *Bill of Exceptions.*

1. *Bill of exceptions; what indispensable to.* — The signature of the presiding judge is indispensable to the validity of a bill of exceptions, and alone authorizes its incorporation in the record.

2. *Unsigned bill of exceptions, disregarded.* — The appellate court, *ex mero motu*, will disregard an unsigned bill of exceptions, although no motion is made to strike it out of the record.

APPEAL from Circuit Court of Cherokee.
Tried before Hon. W. J. HARRALSON.
The point decided sufficiently appears in the opinion.

FOSTER & FORNEY and MCSPADDEN, for appellant.

COOPER & WALDEN, *contra.*

BRICKELL, C. J. — Bills of exception, in civil or criminal cases, were unknown to the common law. They derive their existence from statutory provisions. *Ned* v. *State*, 7 Port. 187; *Bourne* v. *State*, 8 Port. 458. The appropriate office of a bill of exceptions is to introduce on the record rulings of the court which are not "intrinsic to the cause," but arise incidentally in its progress; as the admission or rejection of evidence, instructions to the jury given or refused. The ruling of the court on all questions relating to the sufficiency of pleading is of necessity a part of the record, as the pleading, with the process and judgment, constitute the record. No exception was or is necessary to their revision. The evidence admitted or rejected, the instructions given or refused, did not constitute a part of the record. As in these errors intervened, or could intervene, as injurious to the parties as any ruling on the pleadings, a bill of exceptions is given by the statutes, as a mode of introducing into the record such rulings, that they may be presented for revision to a court of superior jurisdiction. The statute authorizing a bill of exceptions requires that it shall be signed by the presiding judge; by his signature it becomes a part of the record. R. C. § 2755.

The statute, prior to the Code, required not only the signing a bill of exceptions by the presiding judge, but that he should affix to it his seal. Clay's Dig. 307, § 5. Under this statute it was held by this court, that a bill of exceptions without the seal of the presiding judge did not conform to the requirements of the statute, and could not be regarded as a part of the record. *Floyd* v. *Fountain*, 17 Ala. 700; *Godden*

v. *Legrand*, 28 Ala. 158 ; *Moore* v. *Appleton*, 34 Ala. 147. In the case first cited, the court say : " Under this act, we think it manifest that the bill of exceptions itself must show that it was both signed and sealed as such by the presiding judge.     These are the requisites prescribed by the statutes, and if we can dispense with one we may well dispense with the other.     If we could say that a bill of exceptions was good without a seal when the act requires one, we could also, with the same propriety, say it need not be signed by the judge ; and thus by dispensing first with one and then with another requisite, a bill of exceptions might be held good that had neither of the legal requisites of one."

All the errors assigned in this cause refer to a paper purporting to be a bill of exceptions, transcribed into the record, but which does not bear, or purport to bear, the signature of the presiding judge.     It is not part of the record, and was transcribed therein without the authority of law.     The signature of the presiding judge only could make it part of the record, and give to the clerk authority to certify it to this court. Under the statute such signature is indispensable to its authenticity, and we decline, for reasons so forcibly stated in the case from which we have quoted, to depart from the letter of the statute.

True, no motion has been made to strike this paper from the record, but we feel bound *ex mero motu* to disregard it.     The statute has not authorized the court to substitute for the signature of the presiding judge the assent of parties, or their failure to object to a paper which may purport to be a bill of exceptions.     A bill of exceptions, as we have said, is statutory, and that which the legislature has prescribed as its necessary constituent, the courts have no power to declare unnecessary.

There is in the record a paper purporting to be an agreement in writing, signed by counsel, authorizing the presiding judge to sign a bill of exceptions in vacation.     As the parties may desire to carry this agreement into effect, we will not affirm the judgment but dismiss this appeal.

Appeal dismissed.