# Efurd *v.* Loeb & Brother.

*Action on Promissory Note, and on Common Counts.*

1. *Bill of exceptions ; form and sufficiency of.*—When the entire tran-
script is made out in the form of a bill of exceptions, setting out the
summons and complaint, the pleas, demurrers, and rulings thereon,
the evidence adduced on the trial, the charges of the court t₂ the jury,
and the judgment-entry ; stating exceptions reserved to rulings of the
court on the pleadings, but none to rulings on evidence, nor to charges
given or refused ; and concluding, "The above contains every thing
in the case necessary to set out, wherefore defendant tenders this, her
bill of exceptions," which is signed and sealed in term time ; this can
not be regarded as a bill of exceptions for any purpose.

2. *Rulings on demurrer, how revised.*—Rulings on demurrer are not
the subject of exception, but must be set out in the judgment-entry ;
and when they appear only in the recitals of the bill of exceptions,
they can not be revised by this court.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

The entire transcript in this case is made out in the form
of a bill of exceptions, commencing this : "The State of
Alabama, Barbour county; Circuit Court, Spring Term, 1887.
Be it known that, at said term of said court, in the case of
*J. Loeb & Brother v. Mary A. Efurd,* the following proceed-
ings were had;" first setting out the summons and complaint,
in which the plaintiffs declared on several promissory notes
executed by the defendant, containing a waiver of exemptions,
and promising to pay a reasonable attorney's fee for col-
lecting, and added the common counts ; after which it is
stated, "The defendant demurred to the first count, setting
forth the following grounds of demurrer;" "which demurrer
the court overruled, and the defendant excepted. It was
admitted on the trial that the defendant had been regularly
relieved of the disabilities of coverture, by the decree of the
Chancery Court of Barbour county, on the 10th March,
1877. The defendant then interposed the plea of coverture,
to which the plaintiffs replied the said decree relieving her
of the disabilities of coverture. The defendant demurred
to said replication, setting forth the following grounds of
demurrer;" "which demurrer the court overruled, and the
defendant excepted. Plaintiffs then introduced their notes
in evidence, as follows," setting them out, "and introduced
testimony showing that ten per-cent. was a reasonable
attorney's fee. It was admitted that the consideration of

the notes was goods and merchandise purchased by defendant after the removal of her disabilities, while she was doing business as a sole trader under the name of Efurd & Co., and to close up and settle the accounts for said goods and merchandise. And the court then charged the jury, if they believed the evidence, to calculate the interest on the notes, and assess the damages for the sum total of the notes and interest, including the amount of attorney's fees proved. And the judgment in said cause is as follows," setting it out. "The above contains every thing in the case necessary to set out. Wherefore defendant tenders this, her bill of exceptions, praying that the same be taken and signed in term time; which is accordingly done." The judgment-entry, as copied, recites that the defendant pleaded the general issue, and that the jury returned a verdict for the plaintiff; but the several demurrers, and rulings thereon, are not mentioned. The rulings on demurrer are here assigned as error.

JAMES W. LANG, and GEO. W. PEACH, for appellant.

STONE, C. J.—There is nothing in the present record to enable us to determine what is, and what is not, the bill exceptions. It either embraces the whole transcript, or it embraces nothing. It is in substantially the same condition as was the transcript in the case of *Weems v. Weems*, 69 Ala. 104. We said in that case that we could not regard it as a bill of exceptions.

If we were to treat the whole transcript as a bill of exceptions, it could not help the appellant. It contains what purports to be a copy of the judgment-entry, and no allusion is made in it to the ruling on the demurrers. The only assignments of error relate to the rulings on demurrer; and as they appear only in what we suppose is intended as a bill of exceptions, and do not appear in any judgment-entry of the court, we can not consider them. Judgments on demurrers need no exception, and are not raised by exception.—*Rolater v. Rolater*, 52 Ala. 111; *Petty v. Dill*, 53 Ala. 641; *Tyree v. Parham,* 66 Ala. 424; *Smith v. State*, 68 Ala. 424; *Buckley v. Wilson*, 56 Ala. 393; 3 Brick. Dig. 78, § 7.

The foregoing principles show that in fact no question is raised for our consideration.—*Parker v. Roswald*, 78 Ala. 526.

Affirmed.