# Steele *v.* Savage.

*Action for Malicious Prosecution.*

1. *Non-suit on demurrer, with bill of exceptions.*—Rulings on demurrer must be shown by the record proper, and when shown only by bill of exceptions, on voluntary non-suit (Code, § 2759), are not revisable on error or appeal.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This action was brought by Robert S. Steele, against Thos. P. Savage, to recover damages for a malicious prosecution; and was commenced on the 4th January, 1886. An amended complaint was filed on the 22d August, 1887; to which the defendant demurred, because it showed on its face that the cause of action was barred by the statute of limitations of one year. The court overruled the demurrer, and the defendant then pleaded the statute of limitations of one year to said amended complaint. The plaintiff demurred to this plea, and the court overruled the demurrer. In consequence of this ruling, as the bill of exceptions states, the plaintiff took a non-suit; but the judgment-entry only recites that he was compelled to take a non-suit by the rulings of the court, not stating what they were. The overruling of the demurrer is now assigned as error.

CALDWELL, HAMES & CALDWELL, for appellant.

BROTHERS, WILLETT & WILLETT, and JAS. H. SAVAGE, *contra.*

SOMERVILLE, J.—The only question raised is the correctness of the court's ruling on the demurrer of the plaintiff, filed to the defendant's plea of the statute of limitations of one year. This plea was interposed to the second count of the amended complaint, which was an action on the case for malicious prosecution, the amendment being made more than a year after the commencement of the original suit.

The judgment must be affirmed on the authority of *Perry v. Danner & Co.*, 74 Ala. 485, and *Efurd v. Loeb & Bros.*,

[Hamaker v. Hamaker.]

82 Ala. 429, and the line of cases there cited. The ruling of the court on the demurrer appears only by recital of the bill of exceptions, and is not set out in the judgment-entry. It can not, therefore, be revised in this court on a voluntary non-suit taken by the plaintiff in consequence of an adverse ruling on demurrer, shown only by the bill of exceptions.

Judgment affirmed.