# Camp v. Marion County.

*Action by County, on Penal Bond of Contractor.*

1. *Judicial knowledge of counties.*—The court takes judicial notice of the names of the several counties in the State, and also of their corporate character as conferred by statute.

2. *Nonsuit on verdict for less than $50; when bill of exception is necessary.*—In an action commenced in the Circuit Court, if the plaintiff recovers a verdict for less than $50, his suit must be dismissed on motion, unless the amount of his recovery was reduced by a set-off successfully pleaded, or unless he makes the statutory affidavit (Code § 2739); but, when the record shows that the plea of set-off was interposed, and that a motion to dismiss was overruled, it will be presumed to have been overruled because that plea was sustained, unless the contrary affirmatively appears; and the recital of another reason in the judgment-entry is not sufficient, in the absence of a bill of exceptions, to overcome this presumption, since the reason assigned is no part of the judgment.

3. *Action by county.*—Under statutory provisions, a county is a body corporate, "with power to sue or be sued in any court of record" (Code, § 886); but it can not sue in the Circuit Court for an amount less than $50, which is the limit of the jurisdiction of that court under constitutional provisions.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. LEROY F. Box.

This action was brought by Marion county, against John C.

[Camp v. Marion County.]

Camp and others, was commenced on the 4th March, 1890, and was founded on a penal bond, which was conditioned for the faithful performance by said Camp of a contract for the building of a court-house, entered into between him and the plaintiff. The complaint set out the condition of the bond, and assigned breaches; claiming $500 as damages, and for each breach $100 or $150. The defendants demurred to the complaint, because it did not show the capacity in which plaintiff sued, or that it had any capacity to sue at all; and their demurrer being overruled, they pleaded performance, release and satisfaction by the acceptance of the work, and set-off and recoupment on account of extra work done and accepted. Issue was joined these several pleas, and the jury returned a verdict for plaintiff for $46.20. The judgment-entry recites: "Defendants moved the court, under section 2739 of the Code, because the suit is for a money demand, and the amount of recovery is for a less sum than this court has jurisdiction of; and because the plaintiff did not make the affidavit required by said section. On consideration by the court, it is ordered that said motion be, and is hereby overruled; because, under section 886 of the Code, the power is vested in any county to sue in any court of record; to which ruling the defendants objected and excepted; and it is ordered, on their application, that they be allowed sixty days within which to prepare and tender their bill of exceptions." There is no bill of exceptions in the record.

Thos. B. NeSmith, for appellants.—(1). The complaint did not show plaintiff's capacity to sue, and the demurrer to it ought to have been sustained. (2.) The action was founded on a money demand, the recovery was for less than $50, and the statutory affidavit was not made. The suit ought to have been dismissed on motion.—Code, § 2739, and cases there cited construing it. (3.) The judgment-entry states the ground on which the motion to dismiss was overruled, and it is untenable. That construction of the statute (Code, § 886) would make it unconstitutional. The jurisdiction of a court, as declared by constitutional provision, can neither be enlarged nor abridged by statute.

Wm. L. Martin, contra.—(1.) The court judicially knows the names of the several counties of the State, and their capacity to sue as corporations.—Code, § 886; Reeves v. State, 20 Ala, 33; Overton v. State, 60 Ala. 73. (2.) The jurisdiction of the court is determined by the amount claimed in the complaint.—Harris v. Morgan, 59 Ala. 508. Here, the amount

16

[Camp v. Morgan County.]

claimed was $500, and the plea of set-off was interposed. The presumption must be indulged by this court, in the absence of a bill of exceptions, that the motion was overruled because the plea was sustained.—30 Ala. 208; 33 Ala. 272; 37 Ala. 55; 58 Ala. 458.

COLEMAN, J.—The court has judicial knowledge of the names of all the counties in the State, and of their corporate character.— *Overton v. State*, 60 Ala. 73; Code, § 886. The demurrer was properly overruled.

Bills of exceptions are of statutory origin. At common law, errors were revisable by writ of error, and this would not lie, except for error apparent on the record.— *Petty v. Dill*, 53 Ala. 643. The appropriate office of a bill of exceptions is to introduce on the record rulings of the court which are not intrinsic to the cause, but arise incidentally in its progress. *Rolater v. Rolater*, 52 Ala. 111; 8 Por. 458.

Section 2739 of the Code provides, that if suit be brought on a moneyed demand, for an amount of which the court has jurisdiction, and a less sum be recovered, unless the amount is reduced below that of which the court has jurisdiction, by a set-off successfully made by the defendant, the judgment must be set aside, and the suit dismissed, unless he or some one for him make affidavit, which must be filed in the cause, that the amount sued for is actually due, and that a recovery of the true amount was prevented by failure of proof, the interposition of the statute of limitations, or some other sufficient cause, to be judged of by the court.

The suit was brought for an amount of which the court had jurisdiction. The defendant pleaded set-off. Plaintiff was not required to file the affidavit required in the section of the Code above quoted, if the recovery was reduced to an amount of which the court did not have jurisdiction, by reason of a set-off successfully pleaded. There is no bill of exceptions in the record. We must presume, in favor of the judgment of the court below, that the plea of set-off was successfully maintained.— *Wynn v. Simmons*, 33 Ala. 272. If the judgment was not in fact reduced by a set-off, to a less amount than that of which the court had jurisdiction, but by reason of some other cause, the facts to show this ought to appear in a bill of exceptions. The necessity for plaintiff to file the affidavit would then be shown, and failing to do so, the court would be placed in error, in refusing to dismiss the suit, as provided in the statute. The reason assigned by the court for refusing the motion, in the judgment rendered, is no part of the judgment proper, and can not be considered as any part of the record.

[McHugh v. O'Connor.]

Although a wrong reason was assigned so far as the record shows, the presumption that the recovery was reduced by set-off must prevail.

Article VI, section 5 of the Constitution of Alabama, Code, p. 36, confers jurisdiction on the Circuit Courts in civil cases, only when the matter or sum in controversy exceeds fifty dollars. Section 886 does not authorize a county, any more than an individual, to sue in the Circuit Court, for an amount less than required by the Constitution to give the court jurisdiction.—*Brown v. Ala. Gr. So. R. R. Co.,* 87. Ala. 370.

Affirmed.