# Peters *v.* The State.

*Indictment for Grand Larceny.*

1. *Indictment; description of property.*—An indictment for grand larceny which describes the property charged to have been stolen as "two *bales* of cotton" instead of two *bags* of cotton, contains a sufficient description of the property.

2. *Venire; motion to quash.*—A motion to quash the venire in a criminal case, which is made by the defendant, after a demurrer to the indictment has been overruled by the court. and the defendant has pleaded not guilty, and after the solicitor has announced ready for trial, but before the defendant announces ready, does not come too late.

3. *Demurrer shown by the bill of exceptions only.*—Where on appeal the action of the trial court on a demurrer is shown by the recitals of the bill of exceptions only, such action is not revisable.

4. *Drawing jurors, grand and petit*—Under statutory provisions regulating the drawing of grand and petit jurors, the commissioners are required to first draw the requisite number of names for grand jurors, and then the requisite number for petit jurors—those first drawn constitute the grand jury and the others the petit juries.— (*Wells v. The State*, 94 Ala. 1. followed).

5. *Same; special act for District Court of Colbert and Lauderdale counties.*—Under the provisions of the special act establishing the District Court of Colbert and Lauderdale counties (Acts 1890-91, p. 609), the judge drawing petit jurors should conform to the rules prescribed in the general law for the drawing of petit jurors by commissioners.

6. *Same.*—Where the order for the summons of the jurors, made pursuant to the special act for the District Court of Colbert and Lauderdale counties (Acts 1890-91 p. 609), directs that they appear at "the next term of the court," but the exact day on which the jurors are required to appear is also designated in the order, and such specified date is a day of the term at which the order was made. the words "at the next term of the court" will be treated as a clerical misprision.

APPEAL from the District Court of Lauderdale.

Tried before the Hon. WILLIAM P. CHITWOOD.

The 5th, 6th and 9th grounds of the defendant's motion to quash the venire are as follows :

5th. After said box was prepared, as aforesaid, said Commissioners proceeded to draw therefrom a sufficient number of names to constitute both the grand and petit juries, and after the names were so drawn the said Commissioners then selected those to serve as grand jurors and left the remainder to serve as petit jurors.

6th. Said Commissioners during said drawing drew from

said box certain names which were discarded and the pieces of paper upon which they were written destroyed, and which were not entered upon the lists required by law to be made at the time of said drawing by said Commissioners.

9th. The order containing the names of the persons now empanelled as juries in this court was issued on the 10th day of June, 1893, and said order commanded said jurors to appear and serve at the next term of the district court of Lauderdale county, and defendant alleges that contrary to the terms of said order said jurors have appeared and been empanelled at the same term during which the order was issued.

The State joined issue on each of the foregoing grounds of the motion, and the defendant introduced as a witness in support of the motion one of the Commissioners who was present at the time the juries were selected. On his examination the defendant asked him "whether the Commissioners did or did not draw one negro on each of the eight petit juries drawn by them, and whether they did or not draw a negro for either of the grand juries." The solicitor objected to the question, the court sustained the objection and to this action of the court the defendant duly excepted.

The defendant then asked the witness the same question with the following addition thereto: "And if you say the Commissioners did draw one negro—and just one negro—on each of the petit juries drawn by them and did not draw a negro on either of the grand juries, state whether this happened as an accident of the drawing, or from some special arrangement of the Commissioners." The solicitor objected to the question, the court sustained the objection and to this action of the court the defendant duly excepted.

Further in support of the 5th and 6th grounds of the motion the defendant "requested the court to make an order requiring the president of the board of county commissioners to produce the box, together with the list required to be kept therein as provided in section 6 of the jury act copied in full as a note under section 4290 of the Code of Alabama in order that the court may compare the venire for petit jurors for the present week, issued by the clerk, with the copy of the list furnished the clerk, if any such copy should be found in said box." The bill of exceptions recites that "the court refused to inspect said box and to compare said copy with said venire, and to this action of the court in refusing to inspect said box and compare said copy with said venire the defendant then and there, in open court, duly ex-

cepted." The remaining facts sufficiently appear from the opinion of the court.

ASHCRAFT & VANCE, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted for the larceny of "two bales of cotton," the personal property of Robert Walker, of the value of eighty dollars. The property was described with sufficient definiteness, and the demurrer on this account was properly overruled. The form for larceny given in the Code of 1852 used the phrase "a bag of cotton." The present Code in the form given for removing or concealing personal property uses the phrase "one bale of cotton."

The defendant moved to quash the venire upon several grounds. It is contended that the motion came too late. The bill of exceptions states that the "defendant demurred to the indictment and the court overruled the demurrer to the indictment." "The court then put the defendant upon his plea, and to the indictment the defendant pleaded not guilty." "The solicitor for the State announced ready for trial. The defendant then submitted a motion to quash the venire," for causes set out in the motion. It will be seen from this statement that the cause had not been submitted to the jury, and the defendant had not been called upon to announce whether he was ready for trial and had not so announced. We hold the motion was made in proper time. The record shows that the solicitor demurred to all the grounds upon which the motion was based, except the 5th, 6th and 9th.

There is nothing in the record entry to show that the court acted upon the demurrer to the several grounds of the motion. There is a recital in the bill of exceptions that such action was taken by the court, but a judgment upon demurrer appearing only in the bill of exceptions is not revisable.—*Powell v. The State*, 89 Ala. 172; *Steel v. Savage*, 85 Ala. 230; *Elford v. Loeb*, 82 Ala. 429.

The judgment entry proper recites that the motion to quash the venire was overruled. No evidence was offered in support of the motion to quash the venire, except as to the 5th, 6th and 9th grounds. Upon these issue was joined. The law does not authorize the commissioners or the court to select grand jurors from those drawn both as grand jurors

[Noblin v. The State.]

and petit jurors. Those first drawn constituted the grand jury and the others the petit juries.— *Well's* case, 94 Ala. 1.

In support of the 5th and 6th grounds upon which issue was joined, the court did not err, in sustaining an objection to the question propounded to the witness below. Neither the questions nor any proper response thereto could be relevant to the issue. They referred to some matters wholly foreign and the questions were irrelevant. The special act establishing the District Court of Colbert and Lauderdale counties (Acts 1890–91, pp. 608–9), provides that "the judge of said court shall at any time during said term, when he may deem it expedient in open court draw from the jury box now required by law to be kept and prepared in said counties, such number of petit jurors as may be required for the several weeks of said court; whether during the regular or adjourned holding of said court," etc. The judge drawing jurors under the special act, should conform to the rules required by commissioners, when they perform this duty.

The juries were drawn by the judge under this provision of the statute, and not by the commissioners as stated in the 5th and 6th grounds of the motion. The 5th and 6th grounds were not sustained by proof, and the jurors having been drawn under the special act, the motion itself was without merit. The 9th is frivolous. The order for the summons of the jurors, that they appear at the "next term of the court," is a mere clerical misprision. The exact date on which the jurors were to appear, to-wit, Monday, the 10th day of July, 1893, and Monday, the 17th day of July, 1893, is set out in the order of the court, and the date is definitely fixed also in the order of summons issued by the clerk to the sheriff.

There is no error in the record.

Affirmed.