# O'Reilly v. Masterson, et al.

### Penalty for Cutting Trees.

(Decided Feb. 8, 1912.    57 South. 1013.)

*Courts; Jurisdiction; Action for Penalty.*—An action for a penalty brought under section 6035, Code 1907, is governed as to jurisdiction by section 5355, Code 1907, and unless said section is complied with, a judgment rendered in the circuit court for an amount less than $50, it will be set aside.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Ella Masterson and others against P. O'Reilly for the statutory penalty for cutting or destroying trees. Judgment for plaintiff in a sum less than $50, and defendant appeals. Reversed and rendered.

WILLIAMS & JONES, for appellant. The Court below erred in taxing the costs of the case to the defendant, if the case should be held to be in tort.—Code of Alabama, Sec. 3663; *Guttery v. Boshell*, 132 Ala. 596; *Rarden v. Maddox*, 141 Ala. 506. The Court below erred in rendering judgment against the defendant below in any sum whatever, if the suit was on a moneyed demand. The complaint was in fact for statutory debt for cutting trees.—Code of Alabama, Sec. 5355; *Smith v. Allen*, 142 Ala. 148.

CHENAULT & CHENAULT, for appellee. No presumptions will be indulged to put the trial court in error.—

[O'Reilly v. Masterson, et al.]

*Teague v. Lindsey,* 106 Ala. 273. The question sought here to be determined having reference to appellee, was not called to the attention of the lower court, and the presumption will be indulged in favor of the action of the trial court.—*Camp v. Marion County,* 91 Ala. 240; *Winn v. Simmons,* 33 Ala. 272. Sec. 5355, Code 1907, has no application to this case.

WALKER, P. J.—This was an action of debt for the recovery of the statutory penalty for destroying, injuring, or removing trees.—Code, § 6035; *Higdon v. Kennemer,* 120 Ala. 193, 24 South. 439. To such an action the statute (Code, § 5355), applies which requires that if a suit be brought on a moneyed demand "for an amount of which the court has jurisdiction, and a less sum be recovered, unless the amount is reduced by a set-off successfully made by the defendant, the judgment must be set aside and the suit dismissed, unless the plaintiff, or some one for him, make affidavit, which must be filed in the cause, that an amount of which the court has jurisdiction, stating the same, is actually due, and that a recovery for the true amount was prevented by failure of proof, the interposition of the statute of limitations, or some other sufficient cause, to be judged of by the court." The suit was for an amount of which the court had jurisdiction, but the plaintiffs' recovery was less than the minimum sum of which the court has jurisdiction. The defendant interposed no claim of set-off, and the affidavit authorized in such case by the statute just quoted was not made. The amount of the plaintiffs' recovery not having been reduced by a set-off, in the absence of such affidavit the verdict and judgment could not, under the statute, be supported by the complaint in the case  Obedience to the statute requires that the judgment be set aside and the suit dismissed. —*Smith, et al. v. Allen,* 142 Ala. 148, 37 South. 933.

Reversed and rendered.