# Buckner v. Vaught.

## Assumpsit.

(Decided April 16, 1912.　58 South. 813.)

*Courts; Jurisdiction; Dismissal.*—Where the amount is not reduced by setoff and no affidavit is filed that an amount of which the court had jurisdiction, is actually due, and that recovery of the true amount due was prevented by failure of proof, limitations or some other sufficient cause, a judgment for an amount of which the court has no jurisdiction, must be reversed and the cause dismissed. (Section 5355, Code 1907.)

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. L. Vaught against W. A. Buckner and others, sureties on an injunction bond. Judgment for plaintiff and defendant appeals. Reversed and the cause dismissed.

TALLEY & FRICKE, for appellant.    Motion to strike from the complaint and request for written instructions to the jury not to find for illegal damages is proper.—92 Ala. 399. Counsel's fees were not allowed.—124 Ala. 614; 109 Ala. 377; 100 Ala. 286; 65 Ala. 417. Claims for railroad fares and loss of time is not recoverable.—116 Ala. 520; 74 Ala. 393; 30 Ala. 177, and authorities supra. The amount recovered was less than the jurisdiction of the court, and the court should have set aside the judgment and dismissed the cause.—Section 5355, Code 1907; *Mc-Lure v. Lay,* 30 Ala. 208.

J. W. TIMBERLAKE, and W. J. MARTIN, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—This suit was brought by the appellee against the appellants to recover the sum of $86.80 as damages for the breach of the condition of an injunction bond.    The defendants pleaded the general issue and "payment, in short by consent, with leave to give in evidence any matter that might be specially pleaded." There was a jury, and a verdict in favor of the plaintiff for $37.10, and a judgment following the verdict, and the defendants appeal.

There is a bill of exceptions in the record which purports to set out all the evidence.    The plaintiff testified that he paid out, in the chancery suit in which the injunction bond was filed, the sum of $27.50 attorney's fees, $3.60 for traveling expenses, and that his lost time from work was worth $6, making a total of $37.10, the exact amount for which the jury returned a verdict in his favor.    The plaintiff offered no evidence tending to show that the defendants were in any way liable to him at the time of the trial, or at the time the suit was brought, for any sum other than the amount above set out, and the

[Buckner v. Vaught.]

defendants offered no evidence. Thereupon, as the bill of exceptions shows, the defendants properly moved the court to set aside the judgment rendered against them in said cause because the judgment was for a sum less than $50, and was not reduced below said sum by set-off or any cross-demand, and because the plaintiff has not filed an affidavit that the amount sued for in the complaint was actually due, and that a recovery for the true amount was prevented by failure of proof, the interposition of the statute of limitations, or some other sufficient cause. The court overruled the motion, and the defendants duly excepted to the action of the court.

Section 5355 of the Code provides that, if a suit is brought on any moneyed demand for a less amount than that of which the court has jurisdiction, the suit *must* be dismissed; or if the suit be brought for an amount of which the court has jurisdiction, and a less sum be recovered, unless the amount is reduced by a set-off successfully made by the defendant, the judgment *must* be set aside and the suit dismissed, unless the plaintiff or some one for him make affidavit, which *must* be filed in the cause, that an amount of which the court has jurisdiction, stating the same, is actually due, and that the recovery of the true amount due was prevented by a failure of proof, the interposition of the statute of limitations, or some other sufficient cause, to be judged by the court. The plaintiff failed to file the required affidavit, and under the mandate of the above statute the judgment of the court below must be reversed, and the case dismissed.—*Camp v. Marion County*, 91 Ala. 240, 8 South. 786; *Smith et al. v. Allen*, 142 Ala. 149; 37 South. 933; *O'Reilly v. Masterson et al.*, 3 Ala. App. 666, 57 South. 1013, present term.

Reversed, and case dismissed.